IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LARRY MARTINEZ,

    Plaintiff,

vs.                                                                                                     No. CV 18-00041 MV/GJF

BETTY JUDD, AND ALL OF HER SECURITY
AND MEDICAL STAFF AS PERSONS WHO
ARE LIABLE FOR THEIR ACTIONS,

    Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

THIS MATTER is before the Court *sua sponte* on the Prisoner's Civil Rights Complaint filed by Plaintiff Larry Martinez (Doc. 1). The Court will dismiss the Complaint without prejudice for failure to comply with a Court Order and failure to prosecute this action.

Plaintiff Martinez is an incarcerated prisoner. He filed his Civil Rights Complaint on January 12, 2018. (Doc. 1). Martinez did not pay the required filing fee or submit an application to proceed under § 1915. On January 17, 2018, the Court ordered him to cure the deficiency by submitting an application to proceed in the District Court without prepayment of fees or costs. (Doc. 3). Martinez then submitted his Application to Proceed together with his inmate account statement (Doc. 4). The Court granted the Application to Proceed *in forma pauperis* on January 26, 2018. (Doc. 5). The Court also required Plaintiff Martinez to make an initial partial payment of $23.17 or show cause why he should not be required to make the payment within 30 days of entry of the Order. (Doc. 5 at 1).

The inmate account statement shows that Martinez had an account balance sufficient to pay the initial partial payment, but spent his money on commissary purchases. (Doc. 5). *See Shabazz v. Parsons,* 127 F.3d 1246, 1248-49 (10th Cir. 1997). "[W]hen a prisoner has the means to pay an initial partial filing fee and instead spends his money on amenities at the prison canteen or commissary, he should not be excused for failing to pay the initial partial filing fee." *Baker v. Suthers,* 9 F. App'x 947, 949 (10th Cir. 2001). Plaintiff Martinez did not pay the $23.17 initial partial payment or demonstrate why he should be relieved of the obligation to pay. On March 13, 2018, the Court issued an Order to Show Cause, ordering Plaintiff Martinez to show cause within 30 days why the Complaint should not be dismissed for failure to make the initial partial payment. (Doc. 6).

More than 30 days have elapsed since entry of the Court's March 13, 2018 Order. Plaintiff Martinez has not made the initial partial payment, shown cause, or otherwise responded to the Court's March 13, 2018 Order. When a prisoner is granted leave to proceed *in forma pauperis*, Section 1915 provides:

> "The court ***shall*** assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal."

28 U.S.C. § 1915(b)(1) (emphasis added). Plaintiff Martinez was ordered to make the required partial payment under Section 1915(b)(1) or show cause why the payment should be excused, but has failed to comply with the Court's Order.

The Court may dismiss an action under Fed. R. Civ. P. 41(b) for failure to prosecute, to comply with the rules of civil procedure, or to comply with court orders. *See Olsen v. Mapes,* 333 F.3d 1199, 1204 n.3 (10th Cir. 2003). Martinez has failed to comply with the Court's rules

and Order and has failed to prosecute this proceeding by not making the initial partial payment. The Court will dismiss this proceeding under Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with the Court's Order and for failure to prosecute this action.

**IT IS ORDERED** that, pursuant to Rule 41(b), the Prisoner's Civil Rights Complaint filed by Plaintiff Larry Martinez is **DISMISSED** without prejudice.

_____
HONORABLE MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE